United States District Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY KECULAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:23-cv-03499 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND FINAL JUDGMENT

On January 30, 2024, the Court held a hearing pursuant to an Order for Plaintiff Henry Keculah ("Keculah") to appear and Show cause why this case should not be dismissed. [*Order*, Doc. 34]. Counsel for Defendant ASI Lloyds ("ASI"), LaDonna Schexnyder and Carin Marcussen, were also ordered to appear.

Ms. Schexnyder and Ms. Marcussen appeared along with Viki Miles, a representative of ASI. Keculah did not appear. Based upon the record and the affidavits of Viki Miles and LaDonna Schexnyder submitted into evidence by ASI at the show cause hearing, the Court makes the following findings and issues the following order:

## BACKGROUND

This lawsuit arises from a denial of a claim for insurance benefits submitted by Keculah to ASI under Policy No. TXL 1078902 for a water loss that allegedly occurred at the insured property located at 4703 Parma River Lane, Katy, Texas 77449 (the "Property") on or about March 26, 2023. [*Plaintiff's Original Petition*, Doc. 1-3 at ¶¶ 2, 13]. He alleges that, after he submitted the claim on March 28, 2023, ASI sent out a water remediation company, D.P.S Contracting, Inc. ("DPS") to mitigate the water damage to the Property. [*Id.* at ¶¶ 16, 20]. Keculah signed an "Authorization to Proceed with work and direction to Pay Contract" allowing DPS to commence mitigation work at the Property. [*Id.* at ¶ 24]. An adjuster for ASI inspected the Property on April 3, 2023. [*Id.* at ¶ 30]. ASI took a recorded statement of Plaintiff during the course of its investigation, [*id.* at ¶ 66], and later requested an examination under oath ("EUO") of Plaintiff pursuant to the terms of the Policy. [*Id.* at ¶ 48]. Thereafter, ASI denied the claim. [*Id.* at ¶¶ 59, 88. *See also Exhibit B COR Declination*, Doc. 4-2]. Plaintiff filed suit against ASI in state court alleging ASI did not conduct a reasonable investigation, unreasonably delayed and wrongfully denied his claim for benefits under the Policy. [Doc. 1-3 at ¶¶ 13-48]]. Plaintiff asserted causes of action for (1) Tortious Interference with Existing Contract; (2) Tortious Interference with Prospective Contracts; (3) Stalking; (4) Breach of Contract; (5) Breach of the Duty of Good Faith and Fair Dealing; (6) Violation of the Deceptive

Trade Practices Act, Texas Business & Commercial Code §17.41 *et seq.*; (7) Violations of Texas Prompt Payment of Claims Act, Texas Insurance Code Chapter 542; (8) Unfair Settlement Practices in violation of Texas Insurance Code Chapter 541; (9) Fraud; and (10) Conspiracy. [*Id.* at ¶¶ 49-82, 88-142]. This case[1] was subsequently removed to federal court. [*Notice of Removal*, Doc. 1].

## DISCUSSION

### A. Keculah's Conduct Prior to the Show Cause Order

On September 19, 2023, the Court entered the *Order for Conference and Disclosure of Interested Parties*, [Doc. 3], which stated that "[a] person litigating *pro se* is bound by the requirements imposed upon counsel in this Order." In accordance

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of other lawsuits filed by Keculah arising from the same water loss:
- *Henry Keculah v. Catherine Sweetie Hayes*, Cause No. 235200220673 in the Justice of the Peace Court, Precinct 5, Place 2 of Harris County, Texas. Keculah filed suit against Hayes, the mother of his child and a former resident of the insured property, on June 13, 2023, alleging she caused damage to his personal property and the insured property on March 26, 2023;
- *Henry Keculah v. Catherine Sweetie Hayes*, Cause No. 2023-38708 in the 333rd Judicial District of Harris County, Texas. Keculah filed suit against Hayes, the mother of his child and a former resident of the insured property, on June 23, 2023, alleging she made defamatory statements about him and caused damaged to the insured property on March 26, 2023;
- *Henry Keculah v. DPS Contracting Inc. et al*, Cause No. 2023-41519 in the 269th Judicial District of Harris County, Texas. Keculah filed suit against DPS, who performed water mitigation work at the insured property after the water loss, on July 6, 2023, alleging they did not perform the work properly. DPS countersued, asserting its compulsory counterclaim for payment for the work it performed pursuant to the contract signed by Keculah.

with Rules 16 and 26 of the Federal Rule of Civil Procedure, the Court set the matter for an initial pretrial and scheduling conference on December 14, 2023 and ordered the parties to confer as required by Rule 26(f) and submit a joint discovery/case management plan ("JD/CMP") to the Court 10 days before the initial conference. [*Id.*] The *Order* warned that *"[f]ailure to comply with this Order may result in sanctions, including dismissal of the action and assessment of fees and costs"* [*Id.* (emphasis added)]

On November 20, 2023, counsel for ASI attempted to conduct the scheduled initial conference with Keculah but he refused to discuss the topics required by Rule 16(c)(2) and Rule 26(f) or participate in preparation of the JD/CMP. [*Defendant ASI Lloyds' Advisory to the Court Regarding Attempted Rule 26 Conference and Preparation of Joint Discovery/Case Management Plan*, Doc. 23].

On December 1, 2023, ASI moved for an order of protection because - although he was well aware of the fact ASI was represented by counsel - Keculah continued communicating directly with ASI about the claim at issue and this lawsuit. [*Defendant ASI Lloyds Opposed Motion for Order Prohibiting Plaintiff from Contacting Defendant and Its Employees, Agents and Contractors Regarding this Claim*, Doc. 21].

On December 4, 2023, ASI advised the Court of its counsel's attempt to conduct the initial conference and inability to provide a Joint Discovery/Case

4

Management Plan as required by the Federal Rules and the September 19, 2023 Order [Doc. 3]. [Doc. 23]. Keculah filed no response to ASI's Advisory in this case.

On December 5, 2023, based on the representations made by ASI and the emails that Keculah copied to court staff, the Court found that a protective order was appropriate and ordered that Keculah "*shall not communicate directly with [ASI] regarding any matter related to the federal lawsuit*", that Keculah "*shall direct all communications regarding any matter related to the federal lawsuit to LaDonna Schexnyder or Carin Marcussen*", and that all communications be "*professional and appropriate in both tone and content*". [*Order*, Doc. 24 (emphasis added)].

On December 14, 2023, Keculah and counsel for ASI appeared for the Initial Conference where Keculah claimed he had an attorney, but the attorney backed out at the last second[2]; Keculah was unprepared to proceed and requested a continuance. [*Transcript of Proceedings Held December 14, 2023*, Doc. 31]. The Magistrate Judge granted Keculah's request and re-set the Initial Conference to January 12, 2024.

On December 28, 2023, noting that Keculah had not responded to the Motion for Protection, the Court found the need for protection remained and stated that "*the Courts December 5, 2023 order remains in effect*". [*Order*, Doc. 29 (emphasis added)].

---

[2] No attorney has ever appeared for Keculah in this matter.

On January 3, 2024, counsel for ASI attempted, again, to conduct a conference with Keculah as required by the Federal Rules and the Court's September 19, 2023 Order, [Doc. 3], but Keculah would not provide a clear statement about whether he was, currently, represented by counsel and refused to turn on his camera for the Zoom call or identify the persons he had listening in with him. [*Supplement to Defendant ASI Lloyds' Advisory to the Court Regarding Attempted Rule 26 Conference and Preparation of Joint Discovery/Case Management Plan*, Doc. 32; *Video*, Doc. 38]. Keculah claimed, falsely, that one of ASI's attorneys of record, Carin Marcussen, was a party to this case. [Doc. 38]. Because Keculah would not participate in the conference in good faith, ASI's counsel ended the call. [*Id.*]. Keculah filed no response to ASI's Supplemental Advisory in this case.

Following the second attempted initial conference, Keculah began violating the Court's December 5, 2023 Order, [Doc. 24] by communicating directly with ASI and persons at defense counsel's firm – other than ASI's counsel of record – to disparage defense counsel in an effort to have them removed from the defense of the case. [*Defendant's Motion for Contempt Against Plaintiff for Violation of the Court's December 5, 2023 Order and Request for Relief*, Doc. 33; *Affidavit of Viki Miles*, Doc. 45; *Affidavit of LaDonna Schexnyder*, Doc. 46]. Keculah sent one fax directly to ASI. [Doc. 45 at Exhibit 1]. Keculah sent 56 emails to persons *other than* Ms. Schexnyder and Ms. Marcussen relating to this case. [Doc. 46 at Exhibits 1-14].

On January 9, 2024, ASI advised the Court of its counsel's second failed attempt at an initial conference and moved the Court for "an order requiring Keculah to show cause why the case should not be dismissed for failure to comply with the *Order* [Doc. 3] and the Rules of Civil Procedure". [*Supplement to Defendant ASI Lloyds' Advisory to the Court Regarding Attempted Rule 26 Conference and Preparation of Joint Discovery/Case Management Plan*, Doc. 32].

On January 10, 2024, Keculah then began making threats to sue defense counsel's law firm and attorneys who have had no involvement in the case if Ms. Schexnyder and Ms. Marcussen were not removed from this case. [*See, e.g.* Doc. 33-13, 15, 16, 17]. Due to Keculah's repeated violation of the *Order*, [Doc. 24], ASI moved the Court for an order requiring Keculah to personally appear before the Court and "show cause why sanctions up to and including dismissal of the action should not be imposed". Keculah was ordered to appear. [Doc. 33].

C. **The Show Cause Order**

On January 11, 2024, the Court ordered a "**SHOW CAUSE** hearing as to why Plaintiff Henry Keculah should not be held in **CONTEMPT AND WHY THE CASE SHOULD NOT BE DISMISSED** set for **Tuesday, January 30, 2024 at 2:00 pm** at Courtroom 8A, United States District Court, 515 Rusk Street, Houston, Texas 77002". [Doc. 34]. The Court "**WARNS** Plaintiff Henry Keculah that the

7

Court's protective order remains in effect, and he is to conduct himself in accordance with its provisions." [*Id.*]

### B. Keculah's Conduct After the Show Cause Order Was Entered

On January 12, 2024, Keculah and counsel for ASI appeared for the re-set Initial Conference. [*Transcript*, Doc. 41]. Keculah was, once again, unprepared and, once again, requested a continuance. [*Id.*]. The Magistrate Judge did not grant Keculah's request for a continuance a second time but, instead, entered the *Rule 16 Scheduling Order*, [Doc. 36].

On January 17, 2024, ASI notified the Court that Keculah was *continuing* to violate the December 5, 2023 *Order*, [Dec. 24]. After the Court entered the Show Cause Order and prior to his attempted dismissal of the case, Keculah sent 70 emails directly to ASI about this case, [Doc. 45 at Exhibits 2-71], and 75 emails to persons at defense counsel's firm besides Ms. Schexnyder and Ms. Marcussen, [Doc. 46 at Exhibits 15-51].

On January 26, 2024, Keculah attempted to dismiss this case. [*Notice of Nonsuit Without Prejudice*, Doc. 42].

On January 27, 2024, after counsel for ASI told Keculah that his "nonsuit" was ineffective in federal court and they intended to proceed with the Show Cause Hearing on January 30, 2024, as ordered by the Court, Keculah emailed ASI directly

8

42 times, [Doc. 45 at Exhibits 72-113], and persons at defense counsel's firm other than Ms. Schexnyder and Ms. Marcussen 42 times, [Doc. 46 at Exhibits 52-59].

On January 30, 2024, *Keculah did not appear for the show cause hearing.* [*Minute Entry*, Doc. 44].

### C. Standards Governing Dismissal and Awarding Fees and Costs

#### 1. Pursuant to Fed. R. Civ. P. 16

Rule 16(f) allows a court to impose sanctions, including dismissal, if a party or its attorney is substantially unprepared to participate—or does not participate in good faith—in the final pretrial conference or fails to obey a scheduling order or other pretrial order. Fed. R. Civ. P. 16(f)(1) (B) and (C). Involuntary dismissal under Rule 16(f) is proper when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) either the district court has expressly determined that a lesser sanction was not available or would be futile, or the record indicates that the district court first employed lesser sanctions that proved to be futile. *Rax Garbage Disposal Serv., Inc. v. McNeilus Truck & Mfg. Co.*, 109 F.3d 767 (5th Cir. 1997) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). "Instead of or in addition to any other sanctions, the court *must* order the party… to pay the reasonable expenses—including attorney's fees—incurred because of *any* noncompliance with this rule." Fed. R. Civ. P. 16(f)(2).

9

2.     **Pursuant to Fed. R. Civ. P. 37**

Fed. R. Civ. P. 37(b) gives the Court broad power to impose sanctions for failures to obey discovery orders. *Bluitt v. Arco Chem. Co., a Div. of Atl. Richfield Co.*, 777 F.2d 188, 191 (5th Cir. 1985). "It is firmly established that a district court is authorized under Fed. R. Civ. P. 37(b)(2)(C) to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order." *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S. Ct. 2778, 2779, 49 L. Ed. 2d 747 (1976); *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94, 96 (5th Cir. 1979) (per curiam)). Rule 37 dismissal is "available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643. When considering whether to dismiss a case pursuant to Rule 37(b)(2)(C), the Court considers whether: (1) the "failure to comply with [a] court's order results from bad faith, and not from the inability to comply," (2) "the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions", (3) "the other party's preparation for trial was substantially prejudiced," and (4) the "neglect is plainly attributable to an attorney rather that a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's order." *Bluitt*, 777

10

F.2d at 190–191. "If a party… fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party… to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(f).

    3.    **Pursuant to Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rule of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff … and when lesser sanctions would not serve the best interests of justice.' " *Id.* (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

4. **Pursuant to the Court's Inherent Authority**

In 1991, the United States Supreme Court held:

> It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others. For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
>
> * * *
>
> In addition, it is firmly established that the power to punish for contempt is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S. Ct. 2123, 115 L. Ed. 2d 27

(1991) (internal quotations and citations omitted).

The Fifth Circuit has stated:

> The federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This power is necessarily incident to the judicial power granted under Article III of the Constitution. This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders. However, when these inherent powers are invoked, they must be exercised with restraint and discretion. Dismissing a case with prejudice is a harsh sanction, but we will uphold an involuntary dismissal unless the district court has abused its

>discretion. This Court has held that such sanctions should be confined to instances of bad faith or willful abuse of the judicial process.

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (footnotes and internal quotations omitted). In addition to the inherent power to dismiss a lawsuit outright, the Court also has the power to award attorney's fees as a sanction for the "willful disobedience of a court order". *Id.* at 45. The Court's discretion "permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation". *Id.* Fees may be assessed when a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons". *Id.*

## CONCLUSION

The Court finds that sanctions should be imposed against Keculah who has repeatedly and intentionally violated the orders of this Court and attempted by such defiance of the Court's orders and other "tactics of delay, oppression, harassment, and massive expense" to reduce ASI to "exhausted compliance" with his demands. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991). The most severe sanctions of dismissal with prejudice and award of attorney fees and costs are necessary for the vindication of the authority of the Court.

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the Court finds that Keculah was substantially unprepared and did not participate in good faith in the initial conferences required by Rules 16 and 26 and the Court's September 19, 2023 Order, [Doc. 3].

Pursuant to Rules 16(f), 37(b)(2), and 26(f) of the Federal Rules of Civil Procedure, the Court finds that Keculah non-compliance with Rules 16 and 26 and the Court's September 19, 2023 Order, [Doc. 3], was willful and contumacious.

The Court finds that Keculah violated the December 5, 2023 Order, [Doc. 24] by contacting ASI directly 113 times and that 112 of those violations occurred *after* the Court entered the Show Cause Order, warning Keculah that the December 5, 2023 Order, [Doc. 24] was still in effect and he was to "conduct himself in accordance with its provisions." [Doc. 34].

Keculah was warned that failure to comply with the Court's Order, could result in dismissal and/or an award of fees and cost. [Doc. 3].

The Court finds that Keculah violated the December 5, 2023 Order, [Doc. 34], by contacting persons at defense counsel's law firm *other than* ASI's counsel of record, LaDonna Schexnyder and Carin Marcussen, regarding this case 169 times, and that 114 of those violations occurred *after* the Court entered the Show Cause Order, warning Keculah that the December 5, 2023 Order, [Doc. 24] was still in effect and he was to "conduct himself in accordance with its provisions." [Doc. 34].

The Court finds Keculah violated the December 5, 2023 Order, [Doc. 24] by failing to keep his communications "professional and appropriate in both tone and content" innumerable times. In his communications, Keculah accused defense counsel of making "offensive comments" to him, being racist, discriminating against

him simply because defense did not do to whatever Keculah wanted. He also made baseless accusations of ethical violations against counsel and made a bar complaint against Ms. Marcussen in an effort to gain some leverage in this lawsuit. Such communications were far from the "professional and appropriate" communications the Court's Order, [Doc. 24] required.[3] "[W]hen a litigant disregards repeated rulings of the Court and *spews venomous accusations concerning all who cross his path*," as Keculah has done, "the Court is obligated to end this unyielding obdurate assault on the judicial process." *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 504 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2d Cir. 2000) (emphasis added).

The Court finds that Keculah violated the Court's orders intentionally, willfully, flagrantly and in bad faith.

The Court finds that that no lesser sanction than dismissal would be adequate to protect the integrity of the court or the rights of ASI. *See In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig. M.D.L. Docket No. 252*, 580 F.2d 819, 823 (5th Cir. 1978). Indeed, warning Keculah of the Court's Order and the possible consequences of violation incited him to commit even *more* violations of the Court's Order.

---

[3] Keculah is, apparently, an aspiring lawyer. Doc. 33-15. However, the behavior displayed in this litigation is completely improper for *any* litigant but *especially* for someone who hopes to become a member of the bar someday.

15

The Court finds that sanctions should be imposed upon Keculah, including dismissal of this lawsuit with prejudice and sanctions in the amount equal to entire cost of the litigation, $127.026.88, should be awarded against Keculah.[4]

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). In determining whether it should impose a pre-filing sanction, the Court considers: (1) the party's history of litigation, particular, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass, (3) the extent of the burden on the courts and other parties resulting from the party's filings, and (4) the adequacy of alternative sanctions. *Id.* at 189. With regard to the first factor, the Court takes judicial notice of Keculah numerous other cases arises from the same water loss[5] and the voluminous state court record in them, including a pending Motion to Declare Plaintiff Henry Keculah a Vexatious Litigant, filed 1/24/24 in Cause No. 2023-41519, *Keculah v. D.P.S. Contracting, Inc.* in the 269th Judicial District of Harris County. With regard to the second factor, the Court finds the extraordinary number

---

[4] At the hearing, ASI Lloyd's counsel submitted into evidence an affidavit and biographical summaries of the billing conducted in this case. The documents were considered by the Court under seal due to the ongoing state litigation and the history of behavior in this case. The Court find the filings to be adequate and the billed amounts reasonable in light of the occurrences in this matter. *See Defendant ASI Lloyds Attorney Fees and Costs*, Document No. 47 at 1–59 (filed under seal).

[5] *Supra* note 1.

of communications sent by Keculah in violation of the Court's December 5, 2023 Order, [Doc. 24], to ASI and members of defense counsel's firm demonstrates his intent to harass. With regard to the third factor, Keculah has not made a large volume of filings in the federal court but the Court does believe an explanation of the effect of this Memorandum and Order and a **WARNING** to Keculah about future filings is warranted. *See Vasile*, 20 F. Supp. 2d at 506–507; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020).

Claim preclusion or *res judicata* bars the relitigation of claims that have been litigated or should have been litigated in an earlier suit. *Crear*, 401 F.Supp.3d at 213. A claim is precluded when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the prior action was concluded by a final judgment on the merits, and (4) the same claim or cause of action was involved in both actions. *Id.* In the Fifth Circuit, this means the preclusive effect of the prior judgment extends to all rights of the Plaintiff with respect to all or part of the transaction or series of connected transactions, out of which the original transaction arose."

The entry of a dismissal with prejudice results in Keculah not being permitted to sue ASI Lloyds again for anything arising from the water loss at the Property on March 26, 2023. This preclusion also applies to any person in privity with ASI Lloyds, including its attorney-in-fact, ASI Lloyds, Inc., and its employees or agents

whether mentioned by name in *Plaintiff's Original Petition* – Jakquese Mingo, Jordan Gerron, Amir Ghasemi, Estephany Oliveros, and Carin Marcussen – or not. Plaintiff is **WARNED** that additional sanctions, including a comprehensive pre-filing injunction prohibiting Keculah from initiating any new lawsuits in the Southern District of Texas, may be imposed if he persists in filing duplicative and vexatious lawsuits. Accordingly, the Court herbys

**ORDERS** this matter be **DISMISSED WITH PREJUDICE**. The Court Further

**ORDERS** that Plaintiff Henry Keculah's claims against Defendant ASI Lloyd are **DISMISSED**. The Court further

**ORDERS** that Keculah pay **$127,026.88** in attorney fees and costs to Defendant ASI Lloyds. The Court further

**ORDERS** that Keculah **MUST** abide by all provisions of this order including the provisions pertaining to claim preclusion. Keculah is **WARNED** that failure to abide by the provisions of this order could result in him being cited for contempt or additional sanctions.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this __5__ day of February, 2024.

DAVID HITTNER
United States District Judge